**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO JAVIER ANDRADE-ALVARADO,<br><br>          Movant,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent.<br>_____ / | CASE NO. 1:10-cr-00309-LJO<br><br>**ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 31) |

**I. INTRODUCTION**

Francisco Javier Andrade-Alvarado ("Mr. Andrade-Alvarado") is a prisoner in federal custody proceeding pro se. Now before the Court is his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. For the reasons discussed below, this Court DENIES Mr. Andrade-Alvarado's motion.

**II. BACKGROUND**

On July 22, 2010, Mr. Andrade-Alvarado was indicted for being a deported alien found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. 1). The indictment alleged that Mr. Andrade-Alvarado is an alien. The indictment further alleged that on or about October 3, 2007, he was excluded, deported, or removed from the United States after being convicted of possession of cocaine base for sale, in violation of California Health & Safety Code § 11351.5, and sentenced to three years imprisonment. The indictment also alleged that on or about March 31, 2010, he was found in the Eastern

District of California without consent from the United States Attorney General or the Secretary of the Department of Homeland Security. Mr. Andrade-Alvarado pled guilty to the indictment without a plea agreement on December 3, 2010. (Doc. 29, p. 8). On February 11, 2011, the Court sentenced Mr. Andrade-Alvarado to 84-months imprisonment. (Doc. 27, p. 13). The judgment was entered on February 18, 2011. (Doc. 20).

On February 23, 2011, Mr. Andrade-Alvarado timely filed a notice of appeal. (Doc. 21). On appeal, counsel filed a brief stating that there were no grounds for relief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as counsel of record. *United States v. Andrade-Alvarado*, 463 Fed. Appx. 672 (9th Cir. 2011). Mr. Andrade-Alvarado filed a pro se supplemental brief in which he argued that this court erred in failing to grant him a one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). *Id*. Based on the Ninth Circuit's independent review of the record, it determined that there were no arguable grounds for relief, granted counsel's motion to withdraw, and affirmed this court. *Id*. The mandate for the appeal issued on January 18, 2012. (Doc. 30).

On December 14, 2012, Mr. Andrade-Alvarado placed the instant § 2255 motion in the prison mailing system. (Doc. 31, p. 13). He raises four ineffective assistance of counsel claims. This Court did not order the government to file an answer to the instant motion.

### III. DISCUSSION

**A. Ineffective Assistance of Counsel**

Mr. Andrade-Alvarado raises four ineffective assistance of counsel claims, all of which relate to his stipulated removal order.

To demonstrate ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order to establish deficient performance, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. This requires petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. There is a strong presumption that counsel's performance fell within the "wide range of professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466

U.S. at 689).

The second factor petitioner must establish is prejudice. *Strickland*, 466 U.S. at 693. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Prejudice analysis must not only focus on outcome determination but also on the question of whether or not "the result of the proceeding was fundamentally unfair or unreliable." *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)). "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the [petitioner] as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

**1. Ground One: Failure to Challenge Prior Removal**

In ground one, Mr. Andrade-Alvarado contends that he received ineffective assistance of counsel when counsel failed to challenge his prior removal because his prior removal occurred pursuant to a stipulated removal order which, he argues, is invalid to form the basis of an illegal reentry charge.

In order for a defendant to be found guilty of an illegal reentry offense, the government must show that the defendant was previously removed from the United States. 8 U.S.C. § 1326(a)(1); *see also United States v. Cisneros-Resendiz*, 656 F.3d 1015, 1018 (9th Cir. 2011) ("a predicate removal order is a necessary element of a § 1326 prosecution"). The statute explicitly provides that "the term 'removal' includes any agreement in which an alien stipulates to removal . . ." 8 U.S.C. § 1326(b).

Mr. Andrade-Alvarado cannot show that counsel's performance was deficient when she failed to challenge his prior removal because § 1326(b) explicitly provides that a stipulated removal order can serve as the basis for a prior removal. *Id*. Case law provides that the stipulated removal process must comply with Department of Justice ("DOJ") regulations and due process. *United States v. Ramos*, 623 F.3d 672, 675-76 (9th Cir. 2010). However, Mr. Andrade-Alvarado does not allege a defect in his stipulated removal proceeding. He merely contends that a stipulated removal order is insufficient to satisfy the removal requirement of the illegal reentry statute. Accordingly, counsel's performance did not fall below an objective standard of reasonableness when she failed to challenge Mr. Andrade-Alvarado's prior removal because he does not allege a defect in his stipulated removal proceeding.

**2. Ground Two: Failure to Challenge Application of U.S.S.G. § 2L1.2(b)**

Next, Mr. Andrade-Alvarado maintains that he received ineffective assistance of counsel during sentencing and on appeal because counsel failed to challenge the application of U.S.S.G. § 2L1.2(b) to his guidelines' calculation. He contends that § 2L1.2(b) applies only where the removal order is valid and here the removal order was invalid because he was removed pursuant to a stipulated removal order.

§ 2L1.2(b)(1)(A)(i) is a sixteen-level sentencing enhancement which applies "[i]f the defendant previously was deported or unlawfully remained in the United States after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months." "[A]n alien's physical removal is sufficient to trigger the . . . enhancement [] . . . only when the physical removal is premised on an underlying valid order of removal." *United States v. Rodriguez-Ocampo*, 664 F.3d 1275, 1278 (9th Cir. 2011) (per curiam).

Mr. Andrade-Alvarado alleges that his removal order was invalid because it was a stipulated removal order which violated his due process rights. As discussed above, the mere fact that an individual was removed pursuant to a stipulated removal order does not render the removal invalid. *See* 8 U.S.C. § 1326(b). To the extent, Mr. Andrade-Alvarado alleges that the stipulated removal proceeding violated his due process rights, he fails to explain how his due process rights were violated. Likewise, he does not point to anything in the record which shows that the proceeding was deficient. Accordingly, Mr. Andrade-Alvarado fails to show that his counsel was deficient during sentencing and on appeal when she did not challenge his § 2L1.2(b) enhancement.

**3. Ground Three: Failure to Investigate Validity of Stipulated Removal Order**

In ground three, Mr. Andrade-Alvarado argues that he received ineffective assistance of counsel when counsel did not investigate arguable issues regarding his stipulated removal order. He points out that the order was reinstated several times without receiving judicial review.

Mr. Andrade-Alvarado fails to show that counsel's performance fell below an objective standard of reasonableness because he does not explain what "arguable issues" counsel did not investigate. As discussed above, a stipulated removal order must comport with DOJ regulations and due process. *Ramos*, 623 F.3d at 675-76. In addition, a defendant may collaterally attack his or her deportation order

during a § 1326 proceeding.[1] *See* 8 U.S.C. § 1326(d). However, Mr. Andrade-Alvarado does not allege a defect in the stipulated removal proceeding nor does he point to any "arguable issues" counsel should have investigated. Thus, this Court is unable to discern whether counsel's performance fell below an objective standard of reasonableness because this Court is unaware of the issues counsel allegedly declined to investigate. Accordingly, Mr. Andrade-Alvarado has failed to show that counsel's performance was deficient.

### 4. Ground Four: Failure to Keep Abreast of New Developments in the Law

Finally, Mr. Andrade-Alvarado contends that he received ineffective assistance of counsel because counsel failed to keep abreast of new developments in the law. He asserts that counsel missed the fact that the Ninth Circuit has ruled on several cases related to stipulated removal orders, wrongful § 1326 convictions due to invalid removal orders, and the incorrect application of U.S.S.G. § 2L1.2(b). Mr. Andrade-Alvarado does not specifically cite to any cases that counsel overlooked.

Mr. Andrade-Alvarado fails to show that counsel's performance fell below an objective standard of reasonableness because he does not explain how recent developments in the law apply to this case. During the pendency of this case, the Ninth Circuit dealt with several cases related to stipulated removal orders and § 1326 convictions, *see e.g.*, *Ramos*, 623 F.3d at 672, *United States v. Barajas-Alvarado*, 655 F.3d 1077 (9th Cir. 2011). The Ninth Circuit also determined that it is procedural error to apply a § 2L1.2(b) enhancement to a case in which the stipulated removal order was invalid as the result of a due process violation. *Rodriguez-Ocampo*, 664 F.3d at 1278-79. However, Mr. Andrade-Alvarado does not allege a defect in his stipulated removal proceeding. Thus, Mr. Andrade-Alvarado has failed to show, and this Court cannot discern, whether the recent Ninth Circuit cases apply to this case and that counsel was deficient for overlooking them.

### B. Certificate of Appealability

This Court finds that Mr. Alvarado-Alvarez has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court further finds that reasonable jurists would not

---

[1] Under § 1326(d) an alien may only challenge the validity of his prior deportation order if: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

5

find this Court's assessment of Mr. Alvarado-Alvarez's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Accordingly, this Court declines to issue a certificate of appealability.

### IV. CONCLUSION AND ORDER

For the reason discussed above, this Court:

1. DENIES Mr. Andrade-Alvarado's § 2255 motion to vacate, set aside, or correct sentence and
2. DECLINES to issue a certificate of appealability.
3. The Clerk is directed to close case no. 1:13-cv-00014-LJO.

IT IS SO ORDERED.

**Dated:   January 29, 2013**          /s/  Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE